UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINO ALONZO,<br><br>    Plaintiff,<br><br>    v.<br><br>WALMART ASSOCIATES, INC., ET. AL.,<br><br>    Defendant. | Case No. 1:20-cv-1682-NONE-HBK<br><br>ORDER GRANTING MOTION TO WITHDRAW AND DIRECTING CLERK TO UPDATE THE DOCKET<br><br>(Doc. No. 11) |

    Plaintiff Valentino Alonzo, through his counsel of record Abraham Mathew, initiated this action by filing a complaint for employment discrimination that Defendant subsequently removed to this Court on November 25, 2020. (Doc. No. 1). Before the Court is Attorney Mathew's motion to withdraw as Plaintiff's counsel of record and supporting declaration. (Doc. Nos. 11, 11-1).

    Attorney Mathew moves to withdraw from representing Plaintiff due to a break-down in the attorney-client relationship. (Doc. No. 11 at 2). Simply put, Plaintiff has materially breached his obligations to cooperate and assist counsel with prosecution of his action by not participating in discovery and otherwise communicating with counsel. (*See* Doc. No. 11-1 at 2). Attorney Mathew attests he cannot "comply with [his] professional and ethical obligations to Plaintiff and

to this Court and to Defendants" based on Plaintiff's breach. (*Id.*). Counsel for Plaintiff corresponded with Plaintiff regarding the filing of this motion to which Plaintiff has not responded. (*Id*. at 3). Additionally, counsel for Plaintiff provided a copy of the motion to Plaintiff by mail and email. (*Id.*). Neither the Defendants, nor Plaintiff has filed an opposition, or otherwise responded, to counsel's motion to withdraw and the time to do so has expired. Further, this Court in its November 19, 2021 Order deeming the motion suitable for a decision without oral argument warned Plaintiff that his "failure to file a response to the motion will be deemed non-opposition to counsel's Motion to Withdraw. (Doc. No. 12, *citing* Local Rule 230(c)).

Under Local Rule 182(d), "an attorney who has appeared may not withdraw leaving the client *in propria persona* without leave of court." Any motion seeking to withdraw must describe counsel's efforts to notify their client of their withdrawal and identify for the court their client's last known address. (*Id.*). Withdrawal is further governed by the Rules of Professional Conduct of the State Bar of California." (*Id.*) Those rules permit an attorney's withdrawal where it is "unreasonably difficult for the lawyer to carry out the representation effectively." Cal. Rule of Professional Conduct 1.16(b)(4). Whether to grant or deny a motion to withdraw as counsel is within the Court's discretion. *Campbell v. Obayashi Corp.*, 424 F. App'x 657, 658 (9th Cir. 2011); *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). Determining whether to grant a withdrawal of counsel "involves a balancing of the equities," and the Court should consider whether there is good cause for withdrawal, and how withdrawal will impact other litigants and the ultimate resolution of the case. *McClain v. Am. Credit Resol., Inc.*, 2020 WL 8619963, at *2 (E.D. Cal. Apr. 6, 2020). Granting a withdrawal may be "subject to such appropriate conditions as the Court deems fit." L.R. 182(d)

The Court finds good cause to grant Attorney Mathew's motion to withdraw. Attorney Mathew made numerous attempts to contact his client to no avail. An attorney cannot effectively represent a client with whom they cannot communicate and permitting this situation to continue will only further delay the resolution of this case.

Accordingly, it is **ORDERED**:

1. Attorney Mathew's motion to withdraw as attorney of record (Doc. No. 11) is

GRANTED and Attorney Mathew, along with the law firm Mathew and George, is relieved as counsel of record for Plaintiff Valentino Alonzo in this action;

2. The Clerk shall remove Attorney Mathew, along with the law firm Mathew and George as counsel for Plaintiff from the docket;

3. Within (30) days of the date on this Order, Plaintiff shall have new counsel enter an appearance on his behalf or alternatively file a notice to advise the court whether he wishes to proceed in this matter *pro se*. If Plaintiff fails to timely respond to this Order, the Court may recommend a dismissal this action under Fed. R. Civ. P. Fed. R. Civ. P. 41 for Plaintiff's failure to prosecute this action and/or comply with a court order. Alternatively, the Court may consider other appropriate sanctions under Fed. R. Civ. P. 37.[1]

4. The Clerk of Court is directed to update the docket to reflect Plaintiff's address of record (*See* Doc. No. 11 at 3):

> Valentino Alonzo
> 4575 North Hayston Ave.
> Fresno, California 93726

5. The Clerk of Court is directed to mail a copy of this order to Plaintiff at the above-listed address.

Dated:   December 22, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] The parties in the Joint Status Report advised that Plaintiff did sign Defendant's proposed protective order, did not respond to discovery propounded by Defendant, and did not provide Defendant with a date for Plaintiff's deposition as requested. (Doc. No. 13).