# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALENTINO ALONZO,<br><br>    Plaintiffs,<br><br>    v.<br><br>WAL-MART ASSOCIATES, INC., et al.,<br><br>    Defendants. | Case No.: 1:20-cv-1682 JLT HBK<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING THE ACTION WITHOUT PREJUDICE<br><br>(Doc. 19) |

Valentino Alonzo is a former employee of Wal-Mart Associates, Inc., and asserts he suffered retaliation and wrongful termination following his return from leave. Wal-Mart seeks dismissal of the action pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Doc. 19.) Because Alonzo failed to prosecute this action and failed to comply with the Local Rules, the motion to dismiss is **GRANTED**.

**I.      Procedural History**

Alonzo initiated this action by filing a complaint in Fresno County Superior Court, Case No. 20CECG02147, on July 23, 2020. (Doc. 1-1 at 9.) At that time, Alonzo was represented by counsel, Abraham Mathew. (*See id.* at 26.). Wal-Mart initiated the matter before this Court by filing a Notice of Removal on November 25, 2020. (Doc. 1.)

On June 29, 2021, the Court issued its "Case Management and Scheduling Order" and set the deadlines governing the action. (Doc. 8.) After Wal-Mart served discovery requests, Alonzo's counsel

reported that Alonzo "refused to cooperate" with prosecuting his case. (Doc. 11-1 at 2.) Mr. Mathew stated his office made "numerous requests… asking [Alonzo] to provide information, including responses to discovery." (*Id.* at 2, ¶ 3.) Mr. Mathew reported Alonzo did "not provide[] discovery responses, documents and other information necessary for [the] firm to provide effective representation." (*Id.*) Due to Alonzo's "failure to cooperate and assist in the prosecution," counsel moved to withdraw as counsel on November 18, 2021. (*Id.*; *see also* Doc. 11 at 3.)

On December 22, 2021, the Court granted counsel's request to withdraw. (Doc. 16.) The Court directed Alonzo to "have new counsel enter an appearance on his behalf or alternatively file a notice to advise the court whether he wishes to proceed in this matter *pro se*" within thirty days of the date of service. (*Id.* at 3.) In addition, the Court informed Alonzo that if he failed to timely comply with the order, "the Court may recommend a dismissal [of] this action under … Fed. R. Civ. P. 41" for his "failure to prosecute this action and/or comply with a court order." (*Id.*) Aternatively, the Court indicated it "may consider other appropriate sanctions under Fed. R. Civ. P. 37." (*Id.*) The Court's order was served at the last known mailing address for Alonzo. (*See* Docket.) However, the order was returned as "Undeliverable, Not at this Address" on March 25, 2022.[1]

According to Hilda Aguilar, counsel for Wal-Mart, the company contacted Alonzo via the email and mailing addresses provided by Alonzo's prior counsel on February 2, 2022. (Doc. 19-1 at 4, ¶ 17.) Ms. Aguilar reports the company "provid[ed] further notice of the Court's order" and informed Alonzo of the intent to file the motion to dismiss "absent any contact from Plaintiff." (*Id.*) She reports that Alonzo responded to the email the same date and "requested a hardcopy of the correspondence be provided to an alternate mailing address." (*Id.* at 5, ¶ 18.) In a follow-up email, Alonzo also informed Ms. Aguilar that he was available for a telephonic meet and confer regarding the discovery requests, which occurred on February 11, 2022. (*Id.*, ¶¶ 19-20.) Ms. Aguilar reports that since that time, she has not heard from Alonzo, or any attorney representing him in the matter. (*Id.*). To date, Alonzo has not responded to the discovery requests propounded on November 3, 2021. (*Id.* at 3, ¶ 9.)

---

[1] Notably, all documents issued by the Court in November and December 2021 were returned as "Undeliverable, Not at this Address" between March 24 and March 28, 2022. (*See* Docket.) However, the minute order served on April 1, 2022— related to the motion now pending— has not been returned.

On March 30, 2022, Wal-Mart filed the motion to dismiss for failure to prosecute, which is now pending before the Court. (Doc. 19.) The motion was served upon Alonzo at the only address known to the Court, as well as the address apparently provided by Alonzo to Wal-Mart. (*See* Doc. 19 at 8.) No opposition to the motion to dismiss has been filed with the Court.

## II. Failure to Prosecute and Obey the Court's Orders

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, "If [a] plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Likewise, this Court's Local Rules provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110.

The Ninth Circuit explained, "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based upon a party's failure to obey a court order, failure to prosecute an action, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran,* 46 F.3d 52, 53-54 (9th Cir. 2995) (dismissal for failure to comply with local rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and failure to comply with local rules).

## III. Requirements of the Local Rules

Pursuant to Local Rule 183(b), a party appearing without counsel is required to keep the Court apprised of a mailing address: "If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." LR 183(b) Because 63 days have passed since the Court's orders began being returned as undeliverable on March 24, 2022, Alonzo failed to comply with the Local Rules.

## IV. Discussion and Analysis

To determine whether to dismiss for failure to prosecute, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need

3

to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

### A. Public interest and the Court's docket

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon Alonzo's failure to take action before the Court to prosecute his claims. *See Morris v. Morgan Stanley & Co.,* 942 F.2d 648, 652 (9th Cir. 1991) (explaining a plaintiff has the burden "to move toward... disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Thus, these factors weigh in favor of dismissal of the action.

### B. Prejudice to Defendant

To determine whether Wal-Mart has been prejudiced, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp*., 769 F.2d 611, 618 (9th Cir. 1985)) In this case, Alonzo failed to respond to the propounded discovery, even when represented by counsel, and has not communicated a proper mailing address to the Court. These failures significantly impair Wal-Mart's ability to prepare for a trial. Moreover, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Accordingly, this factor weighs in favor of dismissal.

### C. Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, no lesser sanction is feasible given the Court's inability to communicate with Alonzo.

///

### D. Public policy

Given Alonzo's failure to prosecute the action— and his corresponding failure to comply with the Local Rules— the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits … weighs against dismissal, it is not sufficient to outweigh the other four factors").

## V. Conclusion and Order

Alonzo failed to prosecute this action, and failed to comply with the requirements of the Local Rules. As set forth above, the factors set forth by the Ninth Circuit weigh in favor of dismissal of the matter. Because Alonzo has not received any orders served at the only address known to the Court, dismissal without prejudice is appropriate, as provided under Local Rule 183(b). Accordingly, the Court **ORDERS**:

1. Defendant's motion to dismiss (Doc. 19) is **GRANTED**.
2. This action is **DISMISSED** without prejudice.
3. The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated: **May 27, 2022**

                                                               /s/ Jennifer L. Thurston
                                                               UNITED STATES DISTRICT JUDGE